ROY PICKETT v. THE STATE.

No. 12794. Delivered November 27, 1929.

The opinion states the case.

*Joe W. Taylor* and *Tom P. Scott,* both of Waco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year.

Claude Harper, employee of a transfer company, testified that he drove a two-ton truck over to Fairfield. There he saw the appellant and together they went out into the country and loaded a load of cartons. He next saw Roy Pickett in the vicinity of Waco that night. Appellant got on his truck. He had a gun with him at the time. The Sheriff's car passed his truck two or three times. They then detoured and came into Waco on another road. They unloaded their cartons at a house on Bosque Boulevard. Witness did not know who lived there. Appellant helped him unload them and had directed where witness should drive the load. Witness did not know what the cartons contained. He was told that it was canned fruit. On the same night officers searched a house located at 2625 Bosque Boulevard in the City of Waco. There they found about seventy gallons of whiskey. Appellant signed a confession. In this he stated that he lived at 1518 Blair and his mother, Mrs. Ed Pickett, lived at 2625 Bosque Boulevard, which was the place searched by

the officers. He admitted ownership of the whiskey gotten at his mother's house; also that he had hired the truck which hauled the whiskey. He further stated that the truck driver so far as he knew did not know what he was hauling.

County Attorney Holt and officers Stegall and Mobley testified to the search and testified to the presence of the whiskey at 2625 Bosque Boulevard. Mr. Holt testified: "We * * * stayed out there some little time and secured some whiskey. We brought that whiskey down to the courthouse. It was in one-half gallon jars, something over seventy gallons in one-half gallon fruit jars." The two officers mentioned above testified more in detail. The wife of appellant gave testimony the effect of which was to show that the residence searched was being used at the time of the search as the home of herself and appellant.

The affidavit for search warrant contains no allegation that the residence searched was a place where intoxicating liquors were sold or manufactured, as required by Art. 691, P. C. It was therefore insufficient as a basis for a search warrant. Green v. State, 12 S. W. (2nd) 790. But such a search would be no invasion of appellant's rights and he could not object to evidence obtained as a result of such a search if the premises were not at the time being used as his residence. Craft v. State, 107 Tex. Crim. Rep. 130; Dennis v. State, 108 Tex. Crim. Rep. 672; Haynes v. State, 9 S. W. (2nd) 1043. In this case a clear issue existed as to whether or not the searched premises were at the time the private residence of appellant. The Court recognized the existence of this issue and charged the jury to disregard and not consider the testimony of officers Stegall and Mobley, if they found and believed from the evidence that the place raided was at the time of the raid the residence of the appellant. He omitted to mention County Attorney Holt, who likewise gave incriminating evidence of such search and it is argued that this was error. It was, but the point was not properly raised. In view of the disposition we make of the case, we say in passing that if the point had been properly preserved, the Court should have amended his charge so as to include the witness Holt with the two officers mentioned above. Nor do we think, in view of appellant's confession, that a charge on circumstantial evidence was demanded. Branch's P. C., sec. 1874; Heard v. State, 24 Tex. Crim. App. 111.

By Bill of Exception No. 1 it appears that before the announcement of ready for trial, appellant filed and presented a motion and affidavit in proper form to the effect that he was mentally incom-

petent to make a rational defense in this case and asked that a jury be impaneled to try such issue before the trial of the defendant under the indictment herein. The bill presenting this matter is qualified by the trial court to show that at the time it was presented to him he stated that the issue of insanity would be submitted to the jury along with the regular charge with instructions that if they found that defendant was insane to decide no other question. It is further stated that no evidence was introduced on the question of insanity. The exact question was before this Court in the case of Ramirez v. State, 241 S. W. 1020. From this we quote:

"To try the prisoner for present insanity and for the crime charged in one and the same proceeding would not seem to be in conformity with a statute which provides that he shall not be tried for the offense while he is insane. Not only is the proceeding of such dual trial not according to the statute, but it would be manifestly confusing to the jury and unfair to the accused."

Appellant in this case was entitled to a separate trial upon the issue of whether he was so insane at the time of the trial as to render him mentally incompetent to make a rational defense, and its refusal was reversible error. This is a different matter altogether from defense of insanity alleged to exist at the time of the commission of the offense.

Other assignments are believed to be without merit.

Because of the above error, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.