JAMES NORFORD v. THE STATE.

No. 13853. Delivered January 7, 1931.
Reported in 34 S. W. (2d) 290.

The opinion states the case.

*Edgar Scurry* and *Davenport & Crain,* all of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Appellant was convicted in the District Court of Wichita County, Texas, of murder, and his punishment fixed at confinement in the penitentiary for ten years.

When the case was called for trial, an affidavit in manner and form sufficient for the purpose intended was presented to the trial court by counsel for the appellant, in which affidavit it was stated under oath that the defendant, James Norford, was insane and of unsound mind and that he was incapable of testifying as a witness in this case or of assisting his counsel in the preparation for the trial of same, and a request was also contained in said motion and affidavit that the issue of insanity at the present time be first tried and separate from the murder case, which request and motion was refused by the trial court and exception thereto duly taken by the appellant, the Court stating that the issue of insanity of the defendant at that time would be submitted to the jury along with the regular charge with instructions that if they found defendant was insane, to decide no other question, which action was preserved by bill of exception and the case upon this bill of exception is submitted to this Court for review.

This exact question was before this Court in the case of Ramirez v. State, 92 Tex. Crim. Rep. 38, 241 S. W. 1020. Judge Lattimore, speaking for the Court, after review of the authorities on this subject and after quoting Art. 39, now 34, of the Penal Code (1925), as follows: "No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished for the offense while in such condition," uses the following language:

"Attention is called to the second paragraph of said article. Our conclusion regarding this is that it contemplates a trial and determination, if desired by the accused, of the issue of present insanity

separate from and prior to the trial for the commission of the offense with which he is charged."

After quoting authorities he continues:

"We do not believe the purpose evident from the language of the article quoted can be met by a trial of present insanity at the same time and before the same jury as a trial of the issue of guilty of the crime charged. To try the prisoner for present insanity and for the crime charged in one and the same proceeding would not seem to be in conformity with a statute which provides that he shall not be tried for the offense while he is insane. Not only is the proceeding of such dual trial not according to the statute, but it would be manifestly confusing to the jury and unfair to the accused."

Again in a more recent case, Pickett v. State, 22 S. W. (2nd) 136, this Court had occasion to pass upon this proposition, and in reversing the case the Court used this language:

"Appellant in this case was entitled to a separate trial upon the issue of whether he was so insane at the time of the trial as to render him mentally incompetent to make a rational defense, and its refusal was reversible error. This is a different matter altogether from defense of insanity alleged to exist at the time of the commission of the offense."

Therefore, it will be seen that it is a well settled proposition of law in this State that under Art. 34 of the Penal Code (1925) that the appellant was entitled to a trial, if desired by him, of the issue of present insanity, separate from and prior to the trial for the commission of the offense for which he was charged in the indictment presented against him, and the failure to so give him said trial is reversible error.

Because of the above error, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.