## EMMITT RICE v. THE STATE.

No. 19815.    Delivered October 26, 1938.

The opinion states the case.

*T. M. Collie,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted for the offense of rape on his ten-year-old daughter, and awarded a penalty of five years in the penitentiary by the jury.

There are two serious propositions presented in this case, either one of which, in our opinion, is sufficient to cause a reversal hereof.

Before the trial of this case began an affidavit of W. E. Rice was filed and presented to the court, such affidavit setting forth the fact that appellant was insane, and a person of unsound mind, and was incapable of making a rational defense of the charge made against him. Based thereon the appellant's attorney filed a written request that the question of appellant's present insanity "be first tried separate and apart from the case in which the defendant stands charged." This the court refused to do. However he did include in his charge to the jury an exhaustive charge relative to insanity, and instructed the jury that if the appellant was insane at the time of the commission of the offense, to acquit him upon such grounds. In refusing to first try the issue of present insanity the court was in error. Undoubtedly Article 34, Penal Code, contemplates that no person shall be *tried* while in an insane condition, and to submit to the jury the question of *present* insanity, as well as the question of guilt at one and the same time, might have the exactly opposite effect contemplated by and prohibited by the statute. That is to say, if the appellant was found insane at the time of the trial, nevertheless he had been tried for an offense while insane, which very fact it was the purpose of the statute to prevent.

The court's ruling was doubtless based on the bare wording of the statute which reads as follows:

"No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished while in such condition."

It might have been reasoned by such court that it was necessary for the insanity to have intervened between the commission of the act and the trial before the trial herein asked for should be given. Our decisions, however, for many years have not thus construed this article.

In the early case of Guagando v. State, 41 Texas 626, and following that case we find in Witty v. State, 69 Texas Crim. Rep. 125, 153 S. W. 1146, the following:

"If upon another trial of the case this question is presented as required by law, a jury should be impaneled, and if appellant is found insane, the case should be continued until appellant's mind has resumed its normal condition. This seems to have been the rule in Texas since Guagando v. State, 41 Texas 626."

Also in Ramirez v. State, 92 Texas Crim. Rep. 38, 241 S. W. 1020:

"Attention is called to the second paragraph of said article [34]. Our conclusion regarding this is that it contemplates a trial and determination, if desired by the accused, of the issue of present insanity separate from and prior to the trial for the commission of the offense with which he is charged. Such we understand to be the decision in Guagando v. State, 41 Texas 626; Ex parte Trader, 24 Texas Crim. App. 396; Witty v. State, 69 Texas Crim. Rep. 125, 153 S. W. Rep. 1148, and Youtsey v. U. S., 97 Federal 940. Such likewise is the effect of the reasoning of this court in Lermo v. State, 68 S. W. Rep. 684, and Holland v. State, 52 Texas Crim. Rep. 161. We do not believe the purpose evident from the language of the article quoted can be met by a trial of present insanity at the time and before the same jury, as a trial of the issue of guilt of the crime charged. To try the prisoner for present insanity and for the crime charged, in one and the same proceedings, would not seem to be in conformity with a statute which provides that he shall not be tried for the offense while he is insane. Not only is the proceeding of such dual trial not according to the statute, but it would be manifestly confusing to the jury and unfair to the accused."

See, also, Norford v. State, 34 S. W. (2d) 290; Pickett v. State, 113 Texas Crim. Rep. 395, 22 S. W. (2d) 136; Soderman v. State, 260 S. W. 607; Lester v. State, 154 S. W. 555.

We are further impressed with the fact that the trial court was in error as is shown by bills of exceptions Nos. 3, 4, 5, 6, 7, and 8, all of which relate to the same basic error.

From the facts it seems probable that the daughter of appellant had been taken before the grand jury, and had there made statements incriminating her father, and claiming that he had criminally assaulted her; that she had also made similar statements to others relative to such acts of criminal assault; also that such daughter's brother had made statements of a like character. When the little girl was placed upon the stand as the State's first witness she denied in toto any assault of any kind upon her person by her father, and denied ever having told

anyone, and especially the grand jury or other named persons that her father had ever thus mistreated her. Whereupon the State, after laying proper predicates, proceeded to impeach her by bringing all, the named parties and proving by them that the little girl had told them of various assaults made upon her by her father. The State also offered evidence relative to the brother whose conduct on the stand was similar to that of his sister, both of whom denied ever having made any such statements, and both denied any knowledge of any such criminal acts.

The State is not in a position to claim surprise relative to the testimony of such witnesses, and especially as to that of the little girl, because of the fact that the record contains copies of subpoenas issued on October 2, 1937, and executed the same day for three of said impeaching witnesses, made returnable on October 4, 1937, and trial was had on October 7, 1937.

The case of Bryan v. State, 234 S. W. 84, is directly in point, and we quote therefrom:

"We believe the objections were good, and should have been sustained. That a party may impeach his own witness where he states an affirmative fact injurious, and in the nature of a surprise, is well settled (Ross v. State, 45 S. W. 808; Finley v. State, 47 S. W. 1015), but it is equally true that, if the witness merely fails to testify to facts expected to be elicited, the party offering the witness on this point can not, under the guise of impeachment, supply the evidence from a third party, or get before the jury statements that are otherwise inadmissible. Finley v. State, supra; Knight v. State, 65 S. W. 89; Willis v. State, 49 Texas Crim. Rep. 139, 90 S. W. 1100; Benson v. State, 51 Texas Crim. Rep. 367, 103 S. W. 911; Finks v. State, 84 Texas Crim. Rep. 536, 209 S. W. 154, and authorities therein cited."

In Baughn v. State, 73 S. W. (2d) 856, we said:

"The fact that a witness for either party merely fails to make some proof expected of him, would not justify his impeachment by the party introducing him. Bennett v. State, 24 Texas Crim. App. 73, 5 S. W. 527, 5 Am. St. Rep. 875; Renn v. State, 64 Texas Crim. Rep. 655, 143 S. W. 167; Katz v. State, 92 Texas Crim. Rep. 633, 245 S. W. Rep. 242; Whitman v. State, 93 Texas Crim. Rep. 200, 246 S. W. Rep. 1037."

The decisions seem to be numerous and all in accord upholding the doctrine above announced.

The judgment is reversed and the cause remanded.