**Charles Edwin BENNETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37110.**

Court of Criminal Appeals of Texas.

Oct. 14, 1964.

John M. Anderson, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of sodomy and his punishment assessed at fourteen years in the penitentiary.

In view of our disposition of the case, a recitation of the facts is unnecessary.

Trial was on March 11, 1964, upon appellant's plea of not guilty to the indictment. Appellant was represented by the Honorable Tim Curry, an attorney appointed by the court on March 4, 1964, to represent him upon affidavit being made that appellant was unable to employ counsel.

There appears in the record a written waiver, signed by appellant but not by his counsel, of the ten days allowed counsel

under Art. 494, Vernon's Ann.C.C.P., to prepare for trial.

Art. 494, supra, which provides for the appointment of counsel, reads in part as follows:

"The counsel so appointed shall have ten (10) days to prepare for trial, unless such time be waived in writing by said attorneys and the accused."

 It is apparent that appellant's waiver in writing, alone, without the joinder of his counsel, did not comply with the statute and was insufficient to waive the ten days' time allowed counsel to prepare for trial. Such presents reversible error, as the provisions of Art. 494, supra, are mandatory. Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775.

There further appears in the record an affidavit filed by appellant's attorney, praying for a hearing on the question of appellant's sanity. Such request for preliminary hearing was by the court denied.

■ While the court's action is not before us by a proper bill of exception and the affidavit is insufficient, we observe that under the provisions of Art. 34, Vernon's Ann.P.C., appellant would be entitled to a preliminary trial on the issue of insanity upon the filing of a proper affidavit, and upon another trial he should be granted such a hearing. Pickett v. State, 113 Tex.Cr.R. 395, 22 S.W.2d 136; Norford v. State, 116 Tex.Cr.R. 533, 34 S.W.2d 290; Rice v. State, 135 Tex.Cr.R. 390, 120 S.W.2d 588.

The record reflects that over appellant's timely objection that the same was hearsay, the court permitted the state's witness Bobby R. Scott to testify and relate what the prosecuting witness told him, upon being questioned, two months after the alleged offense was committed, with reference to the acts and conduct of the man who had molested him on such date. This testimony was admitted on the theory of outcry by the prosecuting witness, who was a young boy, nine years of age.

■■ While, in prosecutions of this nature, statements made by a young child shortly after the offense is committed are often admissible as outcry or as a part of the res gestae, we are unable to agree that, under the facts presented, the statements made by the prosecuting witness in the instant case, giving details of the transaction, were admissible as such. In admitting the testimony, the court erred. Oldham v. State, 167 Tex.Cr.R. 644, 322 S.W.2d 616. An examination of the record does not reflect, as contended by the state, that similar testimony was admitted without objection.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.