Mary MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 41130.

Court of Criminal Appeals of Texas.

April 24, 1968.

Morehead, Sharp, Boyd & Tisdel, by Robert L. Gibbins, Jr., Plainview, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Murder without Malice; the punishment, five (5) years.

The record reflects that the 19-year-old appellant, Mary Morales, was charged with the murder of a baby, apparently born to her out of wedlock.

Appellant urges at the outset that the trial court erred in failing to afford her a preliminary trial on the issue of her present insanity; that it further erred in failing to halt the trial on the merits when such issue was raised by the evidence and conduct a hearing on that issue and obtain a jury finding thereon before proceeding further; that it compounded such errors when it improperly charged the jury on such issue at the conclusion of the trial. We are in accord with appellant's position.

Prior to trial appellant's counsel filed a written motion alleging that the appellant was presently of "unsound mind" and requesting a preliminary trial on the issue of her competency to stand trial, but the court, in full accordance with Article

46.02, Sec. 1, Vernon's Ann.C.C.P., 1965, overruled the motion upon the District Attorney's refusal to consent to such proceeding.

In Townsend v. State, Tex.Crim.App., 427 S.W.2d 55, this day decided, we said:

"In view of the foregoing, we hold that where an accused makes a timely motion or request for a preliminary hearing on his competency to stand trial, based upon allegations that because of present insanity he is unable to make a rational defense to the main charge, he is entitled to such hearing if it be with the required consent and approval. If such consent and approval are not given, he is not entitled to such preliminary hearing before a jury. However, he is still entitled not to be tried while incompetent to make a rational defense, regardless of the consent of the prosecutor or approval of the trial court. Otherwise, the very purpose of Article 34, (2nd sentence) supra, would be subverted. Therefore, as in the case at bar, where a timely demand or request for a preliminary hearing supported by affidavit is denied for want of consent, the trial judge is nevertheless under the duty, after the selection of the jury on the trial on the merits and preferably prior to the reading of the indictment, to forthwith afford the accused a hearing on his competency to stand trial. Under such procedure the same jury, if the defendant is found presently sane, may well pass on competency and subsequently on guilt or innocence (and even punishment), but the jury would be given the opportunity to pass on competency to stand trial uncluttered by evidence of the offense itself.

"We further hold that the failure of the appellant to pursue the issue of present competency at the trial on the merits even though available to him under the conditions prescribed in Article 46.02, Sec. 2, supra, does not constitute a 'waiver' where a proper and timely demand for a preliminary hearing has been made and refused.[6]

6. Note that in Pate v. Robinson, supra, the failure of the defendant to raise the competency issue prior to trial under the fact situation there presented, did not constitute waiver.

"Our holding may be characterized as affording an accused when his request for a preliminary hearing on present insanity has been properly presented and refused for want of consent or approval, a procedure for the preservation of his rights under the second sentence of Article 34, supra, which will satisfy due process requirements as well."

■ While appellant's motion for a preliminary hearing was not supported by an affidavit and it does not appear that appellant's counsel called the court's attention to the availability of supporting psychiatric testimony, and while the allegations in the motion could have been fuller, we deem the motion sufficient to invoke the rule laid down in Townsend.

We need not, however, rely upon the Townsend decision alone for this reversal.

In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, the Supreme Court declared that the trial and conviction of an incompetent defendant constitutes a denial of due process and that state procedures must be adequate to protect this right.

In Pate the Supreme Court reversed a state court murder conviction and remanded the cause for a new trial for the failure of the trial judge to conduct an inquiry in the accused's competency once the issue was raised. The Court observed that while the accused had never claimed to be incompetent, the uncontradicted testimony (by lay witnesses) relating to his defense of insanity also revealed a long history of pronounced irrational behavior and bizarre acts which alone was sufficient to raise the competency issue. All nine justices in Pate agreed that a trial judge has a constitutional duty to con-

duct an inquiry into an accused's competency once the issue is raised, though the majority and dissent disagreed as to whether the facts in Pate had raised the issue.

While the Supreme Court did not reveal the extent of the inquiry required to satisfy due process requirements, it clearly appears the court intended that a separate hearing for determination of competency was necessary.

■ As we indicated in Townsend v. State, supra, Pate would require the trial judge, when evidence as to the accused's competency becomes sufficiently manifest during a trial, to halt the proceedings, conduct a hearing on his own initiative and obtain a finding by the trial jury on the issue before proceeding further. While Pate would not require a jury finding, Texas law would.

■ The case at bar presents a far stronger case than Pate. Unlike Pate, the appellant here not only requested a preliminary trial, but upon the court's refusal, filed a motion in accordance with the provisions of Article 46.02, Sec. 2, in effect at the time, requesting that evidence be heard on the issue of present insanity at the trial on the merits and asking for a mistrial in the event of such finding.

In presenting evidence on the issues of insanity as a defense and present insanity, the appellant elicited testimony from two clinical psychologists and a psychiatrist that the appellant was suffering from a mental disease complicated by her mental retardation, and that she did not know right from wrong at the time of the al-

leged act. Dr. B. C. Graves, a psychologist, related that the appellant was suffering from delusions or hallucinations, and that his conclusions were confirmed by a second round of tests conducted within a week of the trial. The psychiatrist, Dr. Mary Bublis, related that appellant suffered from schizophrenia reaction ("formerly called dementia praecox") and was "out of contact with reality" at the very time of the trial. It is further observed that a stipulation as to the State chemist's testimony could not be entered into because of the personal inability of the appellant to understand such stipulation.

It is clear that such evidence was sufficient to have caused the trial court to halt the trial and conduct a hearing and obtain a jury finding on the issue of appellant's present competency to stand trial before proceeding further. It is observed that the trial court must have thought the issue supported by competent evidence for it submitted such issue to the jury in its charge at the conclusion of the one-stage trial along with the issues of guilt or innocence and punishment.[1]

■ We do not consider that due process requirements have been met by waiting to submit the issue of competency to stand trial to the jury along with the issue of guilt or innocence. Deciding whether a man was sane enough to stand trial after you have tried him is obviously unfair to him and the public. Cf. Ramirez v. State, 92 Tex.Cr.R. 235, 241 S.W. 1020; Rice v. State, 135 Tex.Cr.R. 390, 120 S.W.2d 588.

■ Further, the court should have responded to appellant's timely objection to

1. This case was tried prior to the 1967 amendment of Article 37.07, V.A.C.C.P., and the one-stage procedure used in a capital case where the State was seeking the death penalty was specifically approved in Rojas v. State, Tex.Crim.App., 404 S.W.2d 30. While the State sought the death penalty in the case at bar, we

have been unable to find in the record any written notice of such intention. Article 1.14, V.A.C.C.P., provides in part: " * * * No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given."

the court's charge on present insanity for we are unaware of any authority which would require that the accused lacks the "intelligence requisite to convey *any fact* concerning the case to her attorneys" before he or she is considered unable to make a rational defense to the offense charged.

▇ In the event of a retrial, we suggest that prior to the admission into evidence of the written confessions that the court make specific findings as to appellant's waiver of her constitutional rights involved and as to the appellant's mental and physical condition at the times thereof, in view of testimony offered in part by both the State and the defense at the motion to suppress and later at the trial itself that the appellant was weak from the loss of blood, had 104 degree fever, low blood pressure, and low blood count upon her arrival at the hospital shortly after the first written confession was taken and was not *at the time* always able to give reasonable answers to the doctor, who testified her low blood count (four grams of hemoglobin instead of a usual fifteen grams) could have resulted in the brain function being at a minimum. At the time of the second written confession the record shows appellant was still confined in the hospital handcuffed to the bed.

▇ Further, in light of the provisions of Article 38.22 (b), V.A.C.C.P., in effect at time of appellant's trial,[2] and particularly in light of the scissors (one of the alleged murder weapons) found as a result of appellant's alleged confessions, the court should have responded to appellant's objection to the charge that the court had failed to instruct the jury to disregard "any evidence obtained as a result thereof" if the jury found the confessions were not voluntarily made.

For the errors observed, the judgment is reversed and the cause remanded.

---

2. See Article 38.22, Sec. 2, V.A.C.C.P., effective August 28, 1967.