**Pete VARDAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44632.**

Court of Criminal Appeals of Texas.

July 26, 1972.

Rehearing Denied Jan. 17, 1973.

———◆———

Clyde W. Woody, Marian S. Rosen, Houston, for appellant.

Frank Coffey, Dist. Atty., Jack Q. Neal, Roland Hill and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vol-

lers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

The opinion on original submission affirming the conviction is hereby withdrawn and the following is substituted.

The conviction was for robbery by assault with firearms where the punishment assessed by the jury was 99 years.

We reverse on the failure of the trial court to conduct a pretrial hearing to determine appellant's competency to stand trial.

The record reflects that in 1963 the appellant was found insane by a jury and he was committed to the Rusk State Hospital. Subsequently, in a restoration hearing, he was declared sane. Thereafter, the instant offense occurred in 1966. On May 2, 1967, upon a joint motion by the State and appellant, the appellant was committed to Rusk State Hospital for a 30-day examination and evaluation. On August 15, 1967, prior to the instant trial on September 5, 1967, the appellant filed a "Motion To Try Defendant's *Present Insanity* on Main Trial." In such motion, it was alleged not only that appellant did not know the difference between right and wrong but "that he is not competent to adequately prepare his defense . . . ."

The motion was supported by affidavit.

After the selection of the jury on the trial on the merits, the appellant orally moved that the issue of competency to stand trial

be submitted to the jury prior to the trial on the merits. He offered to reduce the motion to writing. He asked the court to permit the jury to pass on the question of insanity uncluttered by evidence of the instant offense, contending that a hearing to determine sanity was basically a civil proceeding and should not be intermingled with the trial of the instant criminal charge. The motion was denied. It should be recognized that the appellant also sought in such motion, as well as in his pretrial motion, a separate determination of the issue of insanity as a defense—insanity at the time of the commission of the offense. While he may not have been entitled to a pretrial determination of his sanity at the time of the commission of the offense, a defensive issue, he was entitled, under the circumstances presented, to a pretrial determination of his competency to stand trial. Townsend v. State, 427 S.W.2d 55 (Tex.Cr.App. 1968); Morales v. State, 427 S.W.2d 51 (Tex.Cr.App.1968); McCarter v. State, 438 S.W.2d 575 (Tex.Cr.App.1969). *Cf.* Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

It should be remembered that the instant case was tried while the provisions of Article 46.02 § 1, Vernon's Ann.C.C.P. (1965), were still in effect.[1]

*Townsend* and *Morales* were decided on April 24, 1968 and reconciled the differences between the said Article 46.02 § 1, supra, Article 34, Vernon's Ann.P.C. and Pate v. Robinson, supra.

In *Townsend*, the court set out the procedure to be used in the following words:

"In view of the foregoing, we hold that where an accused makes a timely motion

---

1. Actually, Article 46.02 was amended in 1967 (Acts 1967, 60th Leg., p. 1748, ch. 659, § 33), and the amendment became effective August 28, 1967, prior to the instant trial; however, Section 1 remained unchanged by the revision. In 1969, the said Section 1 was amended to read:

"The issue of present insanity shall be tried in advance of trial on the merits, upon written application on behalf of the accused. If upon trial of the issue of in-

sanity in advance of trial on the merits, the accused is found to be presently sane, the trial judge shall dismiss the jury which decided the issue of present insanity and empanel a new jury to hear any subsequent trial on the merits." (Acts 1969, 61st Leg., p. 1698, ch. 554, § 1). Such amendment in effect eliminated the necessity of following the procedure devised in Townsend v. State, supra.

or request for a preliminary hearing on his competency to stand trial, based upon allegations that because of present insanity he is unable to make a rational defense to the main charge, he is entitled to such hearing if it be with the required consent and approval. If such consent and approval are not given, he is not entitled to such preliminary hearing before a jury. However, he is still entitled not to be tried while incompetent to make a rational defense, regardless of the consent of the prosecutor or approval of the trial court. Otherwise, the very purpose of Article 34, (2nd sentence) supra, would be subverted. Therefore, as in the case at bar, where a timely demand or request for a preliminary hearing supported by affidavit is denied for want of consent, the trial judge is nevertheless under the duty, after the selection of the jury on the trial on the merits and preferably prior to the reading of the indictment, to forthwith afford the accused a hearing on his competency to stand trial. Under such procedure the same jury, if the defendant is found presently sane, may well pass on competency and subsequently on guilt or innocence (and even punishment), but the jury would be given the opportunity to pass on competency to stand trial uncluttered by evidence of the offense itself." 427 S.W.2d at 62–63.

The State in its brief agrees that the above procedure should have been followed. " . . . It appears to us that Appellant is correct when he suggests that the law at the time of trial is governed by the opinions in Townsend v. State, 427 S.W.2d 55, and Morales v. State, 427 S.W.2d 51. . . . "

The State contends, however, that the appellant took no procedural steps to bring himself within the rules of *Townsend*. We cannot agree. Of course, *Townsend* was decided after the date of the instant trial, but it is noted that he made a timely request for a preliminary hearing on his competency to stand trial, and, then, after the jury was selected on the trial on the merits, asked that such jury first pass upon such competency. This was much the same procedure as recommended in *Townsend*.

The State also argues that there was no real doubt in the judge's mind as to appellant's competency and no need for a preliminary hearing. It appears the trial judge was aware of the 1963 commitment and his own order of commitment prior to trial. There was filed a motion and affidavit of "present insanity" prior to trial, and the appellant again called his contention to the trial judge's attention prior to the commencement of the trial. Further, it expressly appears from the record that the trial judge, in light of the State's refusal to consent, felt himself bound by the wording of Article 46.02 § 1, supra, then in existence, and that he did not act on his doubt or lack of doubt as to appellant's "present insanity" or competency to stand trial.

■ While the trial judge did not err in refusing appellant's request for a preliminary or separate sanity hearing in light of the District Attorney's refusal to consent and the provisions of Article 46.02 § 1, then in existence, he did err in failing to accord the appellant the opportunity for such a hearing after the selection of the jury on the trial on the merits, preferably prior to the reading of the indictment. Such error calls for reversal.

Even if it can be argued that the State is correct in asserting that the appellant did not properly present his request, such argument does not dispose of the question raised.

■ Even where no request or demand is made for a preliminary hearing but evidence as to the accused's present incompetence becomes sufficiently manifest during the trial on the merits, then due process of law would require the trial judge to halt the trial and conduct a hearing on that issue on his own initiative before proceeding further. See Pate v. Robinson, supra. While *Pate* would not require a jury finding on the issue, Texas law would. Townsend v. State, supra, n. 3.

In the instant case, the appellant called his mother and Dr. McCauley, who testified as to the issues of sanity. The State called Dr. Connally and lay witnesses. Thereafter, the court, at the conclusion of the guilt stage of the trial, submitted the issue of competency to stand trial to. the jury along with the issue of guilt. In doing so, the court instructed the jury that "[e]vidence has been introduced in this case raising the issue of present insanity of the defendant." Obviously, during the trial, evidence of the appellant's present competence became manifest.

In Townsend v. State, supra, 427 S.W.2d p. 61, this court stated:

" . . . In other words, must an accused who contends he is incompetent to stand trial but who is unable to obtain the joint consent of the court and the prosecutor, and who has made a proper and timely demand for a preliminary hearing on that issue, be required to actually go to trial, plead to the indictment, present such defenses as he is capable of doing so, all before he can obtain a finding as to his competence to stand trial?

" . . .

" . . . If the only procedure available to an accused is to have the issue of competency to stand trial (present insanity) submitted to the jury along with the conditional submission of guilt or innocence, might not the jury reach an unanalytical and impressionistic verdict as to competency based on all they had heard? Cf. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Note that this procedure was denounced in Ramirez v. State, supra [92 Tex.Cr.R. 38, 241 S.W. 1020]. See also Rice v. State, 135 Tex.Cr.R. 390, 120 S.W.2d 588. . . . "

■ Even if it can be assumed that the appellant made no timely or proper demand prior to trial, the procedure here utilized was not adequate to meet due process requirements protecting the rights of an ac-

cused not to be convicted while legally· insane. See Pate v. Robinson, supra; Article 34, Vernon's Ann.P.C.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the cause is reversed and remanded.

ROBERTS, J., not participating.