Frank CAVENDER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 49003.

Court of Criminal Appeals of Texas.

Oct. 30, 1974.

Rehearing Denied Nov. 27, 1974.

C. David Evans, Allan Craig and Arthur A. Estefan, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Conaway, Gordon V. Armstrong and David K. Chapman, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, life.

We are met at the outset with the question of whether it is permissible to submit to the jury, which has been impaneled to try the guilt of an accused, the question of his competency to stand trial when the question of competency is raised after the trial is in progress.

Three days and some 13 witnesses into the trial on the merits, the question of appellant's competency to stand trial was raised. The court conducted a hearing and concluded that the issue of appellant's competency existed. However, the court refused to impanel a new jury to determine the competency question, and over appellant's objection proceeded to conduct the competency trial with the same jury which had been hearing the trial on the merits. The jury found appellant sane. The trial on the merits then resumed, again with the same jury, and resulted in a verdict of guilty.

■■ While it is true that Perryman v. State, Tex.Cr.App., 494 S.W.2d 542; Ainsworth v. State, Tex.Cr.App., 493 S.W.2d 517; and Noble v. State, Tex.Cr.App., 505 S.W.2d 543, had not been decided at the time this trial court was confronted with his dilemma, the fact remains that due process requires a separate hearing to determine competence to stand trial, and Texas law requires that a jury other than the one impaneled on guilt or innocence make that determination. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; Article 46.02, Vernon's Ann.C.C.P.; Townsend v. State, Tex.Cr.App., 427 S.W.2d 55; Morales v. State, Tex.Cr.App., 427 S.W.2d 51; Vardas v. State, Tex.Cr.App., 488 S.W.2d 467; Ramirez v. State, 92 Tex.Cr.R. 38, 241 S.W. 1020.

■ We cannot escape the conclusion that the trial court fell into error when he declined to impanel a new jury to pass upon the appellant's competency to proceed with his trial. Such a jury should have been given an "opportunity to pass on [appellant's] competency to stand trial uncluttered by evidence of the offense itself." Townsend v. State, supra.

Upon another trial, the argument of the prosecutor relating to appellant's failure to testify will in all probability not reoccur.

For the error pointed out, the judgment is reversed and the cause is remanded.