Ricky Dale RAMSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 57280.

Court of Criminal Appeals of Texas,
Panel No. 2.

March 29, 1978.

Michael L. McLeaish, Odessa, for appellant.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated rape, wherein the punishment was assessed by the jury at forty-five (45) years' confinement in the Department of Corrections.

On appeal appellant, in a single ground of error, urges that the trial court "erred in its failure to conduct a pre-trial hearing to determine competency to stand trial after the Defendant made a timely request for a preliminary hearing on his competency to stand trial."

The offense was shown to have occurred on April 7, 1975. The trial commenced on August 10, 1976. On that date, and prior to the voir dire examination of the jury panel, appellant's counsel stated to the court that he had filed a motion for a pre-trial determination of the appellant's competency to stand trial as in his opinion the appellant was not capable of making rational decisions or to aid his counsel in the preparation and conduct of his defense.[1] The court determined that the day of the trial was the first time appellant had urged the motion

---

1. We find no such motion in the appellate record before us.

and overruled it. The colloquy between the court and the attorney revealed that the court had ordered a psychiatric examination of the appellant in April, 1975 and that since that time no question had been raised by the defense. until the day of the trial.

After the jury was selected, then the appellant entered a plea of guilty and was admonished by the trial court. The court in its charge instructed the jury in part that the appellant had been admonished and then added:

". . . It plainly appearing to the Court that the Defendant is mentally competent, and that he is not influenced to make said plea by any consideration of fear, persuasion, or any delusive hope of pardon prompting him to confess his guilt, his plea is by the Court received. You are instructed to find the Defendant guilty as charged in the indictment and assess his punishment."

There was no objection to the court's charge.

The formal judgment entered and found in this record, without objection, reflects in part:

". . . and the said Defendant persisted in his plea; *and it plainly appearing to the Court that the Defendant is sane and that he is uninfluenced in making said plea . . . .*" (Emphasis added.)

Appellant cites and relies on *Vardas v. State,* 488 S.W.2d 467 (Tex.Cr.App.1972); *Ainsworth v. State,* 493 S.W.2d 517 (Tex.Cr. App.1973), and *Bonner v. State,* 520 S.W.2d 901 (Tex.Cr.App.1975). In *Vardas* the court reversed the conviction stating, "Even where no request or demand is made for a preliminary hearing but evidence as to the accused's present incompetence becomes sufficiently manifest during the trial on the merits, then due process of law would require the trial judge to halt the trial and conduct a hearing on that issue on his own initiative before proceeding further." In *Ainsworth,* the court quoted from *Vardas* with approval, but noted the court stopped

and, after an inquiry, determined that an issue of competency to stand trial was not raised. The record supported the court's determination. The conviction was affirmed. In *Bonner* it was held that even if evidence at trial sufficiently raised the issue of defendant's competency, where the trial judge, after further inquiry and discussion, determined that a competency hearing was not necessary and defendant did not object to such determination but instead withdrew his not guilty plea and entered a guilty plea, defendant could not raise on appeal the issue of whether a separate competency hearing should have been held.

In the instant case appellant claims to have filed a written motion for a pre-trial hearing on competency, but as earlier observed, there is no written motion in the record. Shortly after the motion was overruled and the jury selected, appellant entered a plea of guilty. He does not point to any evidence in the record which raised the issue of competency during the trial. It is observed that the twenty year old appellant testified and his testimony appears lucid and rational. The issue of competency was not raised during the trial.

The only question left is whether, under the circumstances, the court erred in failing to respond to appellant's pre-trial motion, assuming one was filed.[2]

§ 2(a) of Article 46.02, V.A.C.C.P., in effect at the time of appellant's trial (Acts 1975, 64th Leg., p. 1095, ch. 415, § 1, eff. June 19, 1975) reads:

"Sec. 2(a). The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court *determines there is evidence to support a finding of incompetency* to stand trial on its own motion or on written motion by the defendant or his counsel *filed prior to the date set for trial on the merits* asserting that the defendant is incompetent to stand trial." (Emphasis added.)

---

**2.** The State has filed no brief in this cause.

First, without any motion in the record, we cannot determine if the motion was filed prior to the date set for trial on the merits so as to make the foregoing statute applicable. Further, if applicable, no hearing is required unless the court determines there is evidence to support a finding of incompetency.

While the record is not well developed on this point, it appears there had been a previous psychiatric examination, and that thereafter neither appellant nor his counsel took any action to secure a competency hearing until the time of trial. The inference is left from colloquy at the bench that the psychiatric report was not favorable to appellant's later claim of incompetency. Counsel stated to the court the motion urged for the first time on the day of trial was based on his personal opinion. We cannot conclude that the court erred in overruling the motion. This is particularly true since shortly after such motion was overruled the appellant entered a plea of guilty, represented by the same counsel who had "filed" the motion. See and cf. *Bonner v. State,* supra.

Appellant's contention is overruled.

The judgment is affirmed.