**Ex parte Ernest HUFF.**

**No. 59774.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 11, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P. Petitioner contends that he was denied due process of law at his 1967 robbery trial because the issue of his competence to stand trial was decided by the same jury that decided the merits of the case.

Huff was indicted for robbery by assault on March 13, 1967, by a Roberts County grand jury. An attorney was appointed to represent Huff and a change of venue to

Lipscomb County was granted. Trial began on October 16, 1967. Huff was convicted and punishment was assessed at twenty years. No appeal was taken.

Petitioner filed the instant application in the convicting court. The current judge of that court was also the presiding judge of the 1967 trial. The judge entered the following findings of fact:

"1. Petitioner was examined prior to trial at the request of Mr. John W. Warner, Attorney for Petitioner, by Dr. Hugh A. Pennal of Amarillo, Texas, an experienced and well regarded psychiatrist who was appointed by the Court. Both the District Attorney, the Honorable Bill W. Waters, Pampa, Texas, and Mr. Warner agreed that Dr. Pennal was satisfactory and was a proper appointee.

"2. Dr. Pennal communicated his findings that the petitioner was sane and able to stand trial to both Mr. Warner and Mr. Waters, who in turn so informed the Court.

"3. Although there was no indication before the Court that petitioner was not sane and unable to stand trial, the Court granted the written motion of Mr. Warner, Exhibit No. 3, to allow evidence of the sanity of the petitioner, both present and at the time of the offense, to be presented at the trial on the merits and for the Court to declare a mistrial if present insanity existed. This procedure tracked the provisions of Article 46.02, Texas Code of Criminal Procedure, as they existed at the time of the trial in October, 1967.

"4. At the trial the jury found the petitioner to be presently sane and then proceeded to find him guilty. The procedure at the trial followed exactly what was requested by Mr. Warner, Attorney for the Petitioner, and without any objection from the petitioner."

The conviction of an accused while he is incompetent to assist with his defense and fully understand the proceedings against him violates those fundamental notions of fairness embodied by due process. *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). State procedures must be adequate to ensure that an incompetent individual is not tried. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Ex parte Hagans*, 558 S.W.2d 457 (Tex.Cr.App.1977). These procedures are not adequate unless there is a separate hearing for determination of competency. *Ex parte Hagans*, supra; *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr.App.1968).

Separate and distinct from these evolving constitutional standards, Article 46.02, V.A.C.C.P., as then written, provided a framework for determining competency to stand trial. Article 46.02 provided for the issue of competency to be submitted to the jury when such was requested by the defense.

■ As found by the convicting court, the competency issue was submitted to the jury at the same time the merits of the case were. This procedure does not meet the constitutional requirements of a separate competency hearing. This procedure did, however, satisfy the statutory requirements.

Our inquiry does not end with the conclusion that the competency proceedings were not constitutionally adequate. If there was no underlying constitutional interest to be protected, the fact that the procedure was inadequate would not deny petitioner due process. Thus, we must inquire if the competency hearing was constitutionally required. Such a hearing is required when the evidence raises a bona fide doubt as to the accused's competence. *Pate v. Robinson*, supra.

In *Vardas v. State*, 488 S.W.2d 467 (Tex.Cr.App.1972), relied upon by petitioner, the jury was charged that " '[e]vidence has been introduced in this case raising the issue of present insanity.' " From this charge we concluded, "Obviously, during the trial, evidence of the appellant's present competence became manifest."

In the instant case, the charge did not contain any such language referring to the evidence. At the time of trial, Article 46.02 required the issue to be tried upon request. Petitioner's counsel filed a motion asking that the issue be tried. The motion contained only the simple conclusory allegation that petitioner "is a person of unsound mind at this time." No facts were set out nor affidavits attached. In view of the language of the charge, the statutory law and the request made by petitioner, we do not conclude that any inference can be made from the fact that the competency issue was submitted to the jury.

■ Thus, the record before us indicates that petitioner was examined by a psychiatrist who was approved by counsel for both sides. The psychiatrist concluded petitioner was competent to stand trial. The trial judge did not observe any indication of petitioner's incompetence. The motion filed by counsel seeking a competency hearing contains only legal conclusions.

Based on the findings of the trial court, which are supported by the record, we conclude that the only evidence to suggest incompetence was the conclusory motion filed by counsel. This must be considered in the face of a psychiatric report, made by an independent psychiatrist, finding petitioner competent. On this record, we find there was no reasonable doubt raised concerning petitioner's competence to stand trial. The competence hearing was not constitutionally required. See *Ex parte Long,* 564 S.W.2d 760 (Tex.Cr.App.1978). Since the hearing was not required, the inadequacies of the procedure did not deny petitioner due process.

The relief requested is denied.