Leslie Thomas WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 38017.

Court of Criminal Appeals of Texas.

March 24, 1965.

------◆------

Paul W. Wisdom, Jr., Dallas (court appointed), for appellant.

Henry Wade, Dist. Atty., Tom Reese and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The appellant was convicted for the offense of burglary, the punishment assessed by the jury was 10 years in the penitentiary.

The state's evidence shows that Harold Bell Payne, a taxi driver, saw a man inside a building, at 2:30 in the morning of May 19, 1964, throwing suitcases through a broken transom onto the street. Payne was also a reserve police officer and immediately called his dispatcher and told him to call the police and send a squad car to 1711 Elm Street because he saw a burglar in the building. Then he backed up to where he had observed the burglar and saw the appellant standing outside the building with three suitcases. The appellant hailed the cab and asked him to take him home. Payne was attempting to stall their departure until the police arrived, and after some 3 to 5 minutes saw a police car turn on Elm Street driving away from him. He started after the car blinking his lights and blowing his horn to get its attention. When the police car stopped Payne informed the policemen that he had a burglar in the backseat of his cab with the goods on him. At this time the policemen arrested appellant, who fought momentarily to get away. Upon examining the appellant the policemen discovered that he had several watches on his arms. The officers asked appellant where he had obtained the watches and he told them at the jewelry store. He also told them, after inquiry, how he had gained entrance to the jewelry store. He stated that he had broken the glass in the Orange Inn, an adjoining store to the jewelry store, and knocked a hole in the wall, after which he took watches and jewelry.

Norman Ray, owner and operator of J. H. Ray Jewelry Company, testified that the J. H. Ray Jewelry Store is a house consisting of four walls, a roof, a floor and is capable of being locked and that it was locked on May 19, 1964, and that he occupied and controlled said place of business and that all watches and jewelry within said store were in his possession as corporeal personal property and that he had not given anyone permission to break into his store and take away any of his property.

The state also offered fingerprints into evidence that had been taken from the broken glass from the transom, pictures of the broken transom, and the hole in the wall of the jewelry store, all of which were identified by police officers as being exactly as they were on the night of their investigation. Detective Williams testified that he had obtained some fingerprints off the broken glass from the transom over the front door of the Orange Inn. Lt. Day of the Dallas Police Department, testified that he was assigned to the Identification Bureau and that among his duties were the comparison of fingerprints. After being properly qualified as an expert witness, he identified State's Exhibit No. 7 as a set of appellant's fingerprints and palm prints that he made on May 19, 1964; that he made a comparison of the fingerprints in State's

Exhibit No. 7 with those in State's Exhibit No. 5, and that in his opinion the fingerprints were made by the same man.

The appellant did not testify or offer any evidence in his own behalf.

 In his brief the appellant's counsel raises three contentions. The first alleges that the trial court erred in overruling appellant's objection to the testimony of one of the arresting officers and refusing to instruct the jury to disregard it. The officer stated, "We got him out and handcuffed him, and he had watches all up and down both arms. I asked him where he got them and he said he got them at a jewelry store." Appellant's counsel also objected to the testimony of the officers as to what appellant told them about how he had entered the Orange Inn, and the jewelry store. These objections were based on the proposition that the appellant was under arrest, and any statements he made at that time must follow the confession statutes, Arts. 727 and 727a, Vernon's Ann.C.C.P. In the case of Heath v. State, Tex.Cr.App., 375 S.W.2d 909, this court said: "Statements of the appellant though in the nature of a confession, which are a part of the res gestae are admissible though he be under arrest when the statements are made." And in Clifton v. State, 156 Tex.Cr.R. 655, 246 S.W.2d 201, this court cited with approval 18 Tex.Jur., Sec. 193, p. 313, "If such acts or declarations were part of the res gestae they are admissible notwithstanding the fact that they may not be admissible as confessions or as admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest." Also see Gonzales v. State, Tex.Cr.App., 373 S.W.2d 249.

In the instant case the appellant was arrested approximately 5 minutes after he was seen in front of the Orange Inn with three suitcases, and made the statements to the officers approximately 5 minutes after he was arrested, only one block from the scene of the crime.

Appellant's contention is overruled along with his other two contentions which relate to the same law applicable as above stated.

 Appellant himself has favored us with a letter in the form of a "personal appeal on a writ of error". In it he contends that his counsel did not have time to sufficiently prepare the case as he was appointed only the day prior to the date of the trial. The transcript contains a written waiver of the 10 days in which to prepare for trial signed by appellant and his counsel as provided for in Art. 494, V.A.C.C.P. All other contentions made by appellant have been carefully considered and reflect no error.

 The evidence is sufficient to sustain the jury's verdict, and finding no reversible error the judgment is affirmed.