**Donald Ray BEASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43869.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Sept. 16, 1971.

———◆———

Ralph Taite, Dallas, (on appeal only by appointment), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for forgery; trial was before the court on a plea of guilty and the punishment was assessed at seven years.

Appellant's first ground of error complains that neither the appellant nor his appointed attorney waived the appellant's right to ten days in which to prepare for trial as guaranteed by Article 26.04(b), Vernon's Ann.C.C.P. The record reflects that the name of the attorney on the docket call for January 27, 28, 29, and 30, 1969 was T. Margiotta. The signature of Willis Carpenter as attorney for appellant appears on the following documents: Waiver of Jury, Defendant's Agreement to Stipulate Testimony, and Waiver of Right to File a Motion for New Trial. On a hearing in regard to appellant's bill of exception, the court found that Willis Carpenter was appointed as attorney for appellant on January 17, 1969 and that he actively undertook defendant's defense as indicated by his signature on the aforementioned documents.

The record further reflects that the trial was held on the 14th day of February 1969. More than ten days having elapsed after appointment of attorney, there was no necessity for a waiver of the ten days in which to prepare for trial.

Appellant's first ground of error is overruled.

Appellant has further filed a purported supplemental pro se brief which sets forth two grounds of error but which is not signed by the appellant or any other person. Two grounds of error are, (1) that appellant was not arraigned; (2) appellant was not afforded effective assistance of counsel.

The docket sheet reflects that the appellant was duly arraigned and admonished at the date of the trial and the judgment herein also reflects the same.

Further, appellant, under oath, stated on said trial that his attorney was a competent attorney to handle this case in his behalf.

There being no reversible error, the judgment is affirmed.