**James Leroy HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46043.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Rehearing Denied Dec. 13, 1972.

—————◆—————

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The offense is rape, the punishment forty years' confinement. Appellant pled

---

guilty to the charge and punishment was assessed by the court.

Appellant cites one broad ground of error for this Court to consider. He contends that the trial court "erred in not allowing appellant sufficient time in which to consult with counsel and in which to prepare for trial in this matter." Appellant does not point out any specific portion of the record which would substantiate such an allegation, nor does he cite any authorities.

The record reflects that appellant entered a plea of guilty, and was properly admonished by the court. Before the judge accepted the guilty plea, the following colloquy occurred:

"THE COURT: Now, I appointed Mr. Steve Halsey to talk to you and to represent you on this case. Has he talked to you about it?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you discussed the case with him?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has he explained all of your rights to you?

"THE DEFENDANT: Yes, sir."

Subsequently, appellant took the stand and when questioned by the prosecutor, stated:

"Q  Now, Mr. Hicks, you understand that you have a right to a jury trial in this case if you want one?

"A  Yes, sir.

"Q  And, Mr. Halsey was appointed today and he has done ex*at*ly what you desired in this case. Is that right?

"A  Yes, sir.

\*     \*     \*     \*     \*     \*

"Q  You understand you have ten days that you can delay this trial if you

wanted to. Are you waiving that right and do you want to be tried today?

"A  Yes, sir.

"Q  Okay. Now, you informed the District Attorney's office of this yesterday, I believe. Is that right?

"A  Yes, sir.

"Q  That you wanted a quick and speedy trial in this case?

"A  Yes, sir."

Further, appellant and his counsel filed a waiver of the ten day period in which to prepare for trial.

Appellant cannot now be heard to complain that he did not have adequate time to prepare a defense. See Wright v. State, 388 S.W.2d 194 (Tex.Cr.App.1965).

The judgment is affirmed.