**Robert THOMAS a/k/a Curtis Glen Thomas, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 57146–57148.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 20, 1978.

Bonnie J. Fitch, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Edward A. Dodd, Asst. Dist. Attys., Houston, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

These appeals were previously abated for proper briefing on appeal. New briefs have been filed and the cases are reinstated.

Cause No. 57146 is an appeal from an order revoking probation after conviction for burglary of a vehicle; punishment is

three years. The other two cases are appeals from convictions for theft in which punishment was assessed at five years in each case.

In the theft cases counsel has filed a brief concluding that the appeals are frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976). See *Gainous v. State*, Tex.Cr.App., 436 S.W.2d 137; *Jackson v. State*, Tex.Cr. App., 485 S.W.2d 553; *Currie v. State*, Tex. Cr.App., 516 S.W.2d 684. A copy of the brief has been delivered to appellant and he has been advised of his opportunity to examine the record and file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeals in the theft cases are wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal.

In the revocation of probation case appellant raises one ground of error. He contends the record reflects that in his original conviction counsel was appointed less than ten days before trial and that the record contains no waiver of the ten days allowed for appointed counsel to prepare under Article 26.04(b), V.A.C.C.P.

No appeal was taken from the original conviction, and presentation of the issue in this proceeding constitutes a collateral attack. Although some grounds for collateral attack against the original conviction may be raised in the appeal from a revocation of probation, see, e. g. *Ramirez v. State*, Tex. Cr.App., 486 S.W.2d 373, this is not true of all such attacks. Although the issue raised here will be considered as unassigned error on direct appeal from the conviction, *Henson v. State*, Tex.Cr.App., 530 S.W.2d 584, it may not be raised by collateral attack against a prior conviction used for enhancement of punishment absent a showing of harm or that a request for additional time was made. *Clemons v. State*, Tex.Cr.App., 501 S.W.2d 92. The record here does not show, nor does appellant contend, that in the original conviction he was harmed by the lack of ten days to prepare, or that a request for additional time was made.

We hold the record does not show the facts necessary to support a collateral attack on the ground urged. The ground of error is overruled.

The judgments are affirmed.