Juan Baldomero MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 626–82.

Court of Criminal Appeals of Texas,
En Banc.

June 1, 1983.

Rehearing Denied Nov. 2, 1983.

Edward M. Carmona, McAllen, for appellant.

Rene A. Guerra, Dist. Atty., and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The Corpus Christi Court of Appeals wrote that it reversed the judgment of conviction for aggravated robbery "only because the Court of Criminal Appeals has held that on direct appeal the provisions of Article 26.04 are mandatory, that no objection needs to be made at trial, and that no

showing of harm is necessary."[1] *Moreno v. State,* 653 S.W.2d 457 (Tex.Cr.App.1982).

The State, through its district attorney, would have us reexamine and overrule a generation of cases since *Bennett v. State,* 382 S.W.2d 930 (Tex.Cr.App.1964) or, failing that, to find the ten days time for preparation begins with "date of indictment" rather than, as the court below held, with the date an accused confined in lieu of bail is served with a copy of the indictment. For his part, in a petition for discretionary review filed contemporaneously, the State Prosecuting Attorney asserts the time to start counting is date of appointment of counsel.[2] As one might reasonably anticipate, appellant opts for the status quo and supports the rule fashioned by the court of appeals. We granted review to sort out the respective positions and contentions.

Beginning with the Old Code, when serious offenses were capital felonies, the predecessor statutes provided but one day for counsel to prepare for trial in a capital case, and the former court of appeals held, "This statute is not mandatory, and is only intended to secure time for necessary preparation to an intelligent management of the case, to the end that the party being tried shall have a fair trial." *Brotherton v. State,* 30 Tex.App. 369, 17 S.W.2d 932, 933 (1891). Accordingly, since it was not

claimed that counsel was unprepared to proceed with trial and no injury was shown, there was no error. *Ibid.*

Not until 1957 was any amendment of consequence made to the statute, by then Article 494, C.C.P. 1925 and still applicable only to capital cases. *Ex parte Meadows,* supra, 418 S.W.2d at 667. After enactment of Acts 1957, 55th Leg., p. 392, ch. 193, the last sentence read: "The counsel so appointed *shall* have at least ten (10) days to prepare for trial, unless such time be waived in writing by said attorney." And we are informed by § 4 thereof, the emergency clause, that the act was passed because Article 494 "does not now provide *sufficient time after an attorney is appointed* before he is called for trial and the fact that this amendment is needed for the speedy administration of justice..." But it must be recalled that in those days appointment followed arraignment if an accused was without counsel and too poor to employ one, and at that time arraignment was required only "upon an indictment for a capital offense." Article 491, C.C.P.1925; see Historical Note to Article 26.01, V.A.C. C.P. Thus, the order of things was indictment, arraignment, appointment and trial more than ten days thereafter, unless waived.

---

1. Cited by the court are *Peters v. State,* 575 S.W.2d 560 (Tex.Cr.App.1979); *Henson v. State,* 530 S.W.2d 584 (Tex.Cr.App.1975); and *Crothers v. State,* 480 S.W.2d 642 (Tex.Cr.App. 1972). As we shall see, however, those cases constitute merely a sampling of a long line of consistent followings of the initial teaching of the late Presiding Judge Woodley, whose appellate penchants are legendary. Thus, with respect to the predecessor to Article 26.04, V.A. C.C.P., he wrote in *Ex parte Gudel,* 368 S.W.2d 775 (Tex.Cr.App.1963):

    "Denial of the 10 days allowed court appointed counsel to prepare for trial violated the statute, and infringed the rights of the accused ... to the assistance of counsel for his defense under the 6th Amendment to the Constitution of the United States." *Id.,* at 776.

    That the Court was then addressing former Article 494, as amended in 1959, in a context of denial of a motion for continuance, does not militate against the relation it finds between the statutory provisions and the constitutional

right of an accused to effective assistance of counsel. Such is the significance we attach to the decision—well aware Judge Woodley later opined that while they were "mandatory," failure of compliance with the former provisions "is not ground to set aside an otherwise valid conviction by habeas corpus or other postconviction or collateral attack," *Ex parte Meadows,* 418 S.W.2d 666, 668 (Tex.Cr.App.1967).

2. The State Prosecuting Attorney reads *Lamar v. State,* 415 S.W.2d 926 (Tex.Cr.App.1967), to so hold, but what the Court was deciding is that when appointment preceded arraignment ten days need not run between date of arraignment and date of trial. The Criminal District Attorney informs us in his brief that *Lamar v. State,* supra, is "correct ... in *that type of situation*," but he continues to insist for "a precise, consistent standard" of date of indictment. (All emphasis is added by the writer of this opinion unless otherwise indicated.)

Not yet enough, the article was again amended the next session by Acts 1959, 56th Leg., p. 1061, ch. 484, *viz*:

"Whenever it is made known to the court at arraignment *or any other time* that an accused *charged with a felony* is too poor to employ a counsel, the court shall appoint one (1) or more practicing attorneys to defend him.

The counsel so appointed shall have ten (10) days to prepare for trial, unless such time be waived in writing by said attorneys *and the accused.*"

Then came the decision in *Ex parte Gudel,* supra, see note 1 *ante,* which was soon taken by the Court to mean that "the provisions of Art. 494, supra, are mandatory," *Bennett v. State,* 382 S.W.2d 930, 931 (Tex.Cr.App.1964)—so that even a waiver signed by an accused was not effective if his counsel had not joined in with his own signature. *Ex parte Meadows,* 418 S.W.2d 666 (Tex.Cr.App.1967) reaffirmed *Bennett,* and that compliance with all parts of the statute was "mandatory" thus became firmly established.[3] See *Peters v. State,* 575 S.W.2d 560 (Tex.Cr.App.1979), wherein Judge Tom Davis collected for a panel of the Court a host of decisions standing for the proposition that without a waiver signed by counsel and accused "the failure to allow appointed

counsel ten days to prepare for trial requires reversal on direct appeal without the necessity of showing harm or prejudice," *id.,* at 561–562.

Of course, after 1959, a court was empowered to appoint counsel for an eligible accused at "any other time"—until January 1, 1966—and "at any time prior to arraignment" under Article 26.04(a). Thus, the pre1959 sequence of incidents of trial no longer necessarily obtained; but, barring some external intervention in the statutory scheme, as a practical matter it did since an attorney could not be compensated unless representing his client in the trial court. Article 26.05, V.A.C.C.P. and former Article 494a, C.C.P.1925; see Historical Note to Article 26.05, supra. In practice, then, appointment continued to follow indictment, so the courts were not called on to address the particular problems presented by the chronology of events in the case at bar, which we now set out in the margin.[4]

Appellant remained in jail from arrest to trial. His appointed counsel never claimed an entitlement to ten days to prepare for trial nor, on the other hand, did he and appellant waive that period of time by written notice. We will find that both appellant and his counsel received all preparation

---

**3.** As Presiding Judge Onion pointed out in his dissenting opinion in *Ex parte Taylor,* 522 S.W.2d 479, 481 (Tex.Cr.App.1975):

"*Meadows* did not attempt to undermine or diminish the mandatory nature of former Article 494 [now 26.04(b)], and a failure to comply will call for reversal on direct appeal. [Citations omitted.]"

**4.** January 30, 1981 is the date of the offense.
February 5, 1981 appellant was arrested and confined.
February 9, 1981 still confined and indigent, appellant made a written request for appointment of trial counsel.
February 11, 1981 the judge of the court appointed counsel and the attorney was notified; a copy of appointment was mailed February 18, 1981.
April 29, 1981 indictment for aggravated robbery was filed.
May 4, 1981 precept with copy of indictment was issued and served on appellant in jail.
May 5, 1981 the cause was set for trial May 11.
May 11, 1981 appellant's appointed attorney moved for a pretrial hearing on his motion to quash the indictment, motion for discovery

and inspection of evidence, motion for disclosure of impeachment information.
May 11, 1981 a jury was selected and sworn; trial was recessed to May 15.
May 15, 1981 appellant's earlier filed motions as well as contemporaneously filed motion for identification hearing were heard and ruled on by the court; immediately thereafter both sides announced "ready for the jury," and in front of the jury announced "ready" for trial.
Unlike the dissenting opinions, we do not address propriety of the February 11 appointment of counsel, who ultimately tried the case and continues to represent appellant on appeal. Neither he nor any other party ever raised the point, the court of appeals did not mention it and neither petition for discretionary review challenges the appointment—indeed, the State Prosecuting Attorney relies on it as a basis for his contention that the opinion of the court below conflicts with *Lamar v. State,* supra, see n. 2 *ante.* In short, the matter of appointment of counsel is simply not an issue in the case.

time to which entitled and, therefore, there was nothing for either to waive.

Paralleling Old Code Article 466, providing time for appointed counsel to prepare for trial, were mandatory provisions allowing an accused two days after arrest and during term of court to prepare and file responsive pleadings to the charge against him,[5] specifying that if he were entitled to be served with a copy of the indictment the time began to run upon his being so served. *Stephens v. State,* 66 Tex.Cr.R. 359, 147 S.W. 235 (1912); *Woodall v. State,* 25 Tex. App. 617, 8 S.W. 802 (1888). In 1965 the articles were amended to allow ten days. Articles 27.11 and 27.12, V.A.C.C.P. and Special Commentary following the latter.

■ Thus, though the time to prepare for trial and to file responsive pleadings to the charging instrument are both ten days, the statutes with their discernable judicial gloss prescribe the beginning of the time period for the latter but not for the former. We find it utterly incongruous that ten days afforded counsel to prepare for trial be linked to the date of appointment while ten days granted an accused to prepare and file written pleadings is tied to the date of the charging instrument if he is enlarged on

5. Notwithstanding the literal language of the statute, the Court held that the two days were to follow filing of the charging instrument against which defensive pleadings might be levelled. *Brewin v. State,* 48 Tex.Cr.R. 51, 85 S.W. 1140 (1905); *Evans v. State,* 36 Tex.Cr.R. 32, 35 S.W. 169, 170 (1896); *Pugh v. State,* 163 Tex.Cr.R. 258, 289 S.W.2d 929 (1956); see also authorities gathered in *Miller v. State,* 123 Tex. Cr.R. 507, 59 S.W.2d 842 (1933).

6. This holding may make it somewhat inconvenient for appointed counsel to follow more closely whatever charging proceedings implicate his client; however, to be remembered is that unless waived a confined accused still must be allowed ten days to file written pleadings after being served with a copy of the indictment in a felony case. Articles 25.01, 25.02 and 27.12, V.A.C.C.P. Article 25.04, *id.,* expressly provides that if the offense is a misdemeanor service of a copy of the charging instrument is not necessary, but the accused or his counsel may demand and shall be given a copy thereof. See *Golden v. State,* 92 Tex. Cr.R. 553, 244 S.W. 816 (1922) and *Green v. State,* 99 Tex.Cr.R. 335, 269 S.W. 795 (1925).

bail, or to the date of service if confined in lieu of bail on a felony offense. To be sure, as the State Prosecuting Attorney suggests, "the wise lawyer will begin preparations for a possible trial at the earliest opportunity," but the same wise lawyer may utilize the broad scope of pleadings provided with respect to the charging instrument, e.g., Article 27.02, V.A.C.C.P., and the helpful pretrial proceedings envisioned by Chapter 28 of the Code of Criminal Procedure better to prepare for trial on the charge that is actually made and against which a defense must be mounted. We hold that an attorney previously appointed to represent an indigent accused who is confined to jail in lieu of bail on a complaint is entitled to ten days to prepare for trial from the day the indictment or information is filed with the clerk of the trial court.[6]

■ In the case at bar the indictment was filed April 29, 1981, and trial began May 11, 1981. Obviously appointed counsel had more than ten days after indictment to prepare for trial, and the record shows he used that time as effectively as conditions permitted.[7] It seems he filed all pleadings he and appellant desired.[8]

7. See note 4, *ante.* Toward the end of hearing pretrial motions, when counsel mentioned his discovery motions there was the following colloquy:
   "THE COURT: Were you able to get whatever information you asked for from the District Attorney's office?
   [DEFENSE]: Yes. Whatever he had wasn't much.
   &ast;  &ast;  &ast;  &ast;  &ast;  &ast;
   [STATE]: I would like the record to reflect that we did open up the file . . . and did not limit him as to time. He was free to look at it at his—
   [Whereupon the judge asked if they were ready for the jury.]"

8. In holding that "where the attorney is appointed prior to indictment, and the accused is in jail at the time of the indictment, counsel must be provided with ten days after the indictment is served on the accused in which to prepare for trial," the court below found "support for our position" in Article 27.12, supra. However, unlike the mandatory provisions of Article 26.04(b), this Court has consistently held tht time allowed under Article 27.12 must be properly requested and refused in order to

For these reasons the judgment of the court of appeals is reversed and the cause remanded to that court for its disposition of the two remaining grounds of error presented to it by appellant in his brief.

TEAGUE, Judge, concurring.

The majority of this Court in its opinion has failed to consider and discuss whether, when trial counsel was appointed by the presiding judge of the 92nd judicial district court of Hidalgo County, such was a legal act of the district court judge.

Because I cannot find in the record where there was ever a legal appointment of counsel by the trial court, I am unable to agree with either the decision of the Court of Appeals or the majority of this Court. However, the result the majority reaches is a correct one because, without a valid and legal appointment, counsel for appellant has acted at all times in nothing less than in the capacity of a volunteer attorney. He was not entitled to invoke the provisions of Art. 26.04, V.A.C.C.P., concerning the time court appointed counsel is allowed for preparation of trial. Thus, the provisions of Art. 26.04, Id., are not applicable to this cause.

The record of appeal reflects that on February 11, 1981, which date was several weeks before the indictment was returned against appellant, and pursuant to request of the appellant, the presiding judge of the 92nd judicial district court of Hidalgo County, *acting solely* in that capacity, appointed counsel to represent appellant. An entry on the indictment reflects that a complaint had been filed in the Donna Municipal Court against appellant. We are not apprised of anything concerning either the filing of the complaint or the details of the complaint. We are also not apprised of the status of the case at the time when the appointment was made by the judge of the 92nd district court.

The record further reflects that the indictment in this cause was filed on April 29, 1981, in the 139th judicial district court of Hidalgo County, over which another and different district court judge presides. The record does not reflect that the presiding judge of the 139th judicial district court ever appointed counsel to represent appellant.

Without jurisdiction to make the appointment, such act of the presiding judge of the 92nd judicial district court in appointing counsel was null and void. A district court does not obtain jurisdiction over a cause until an indictment is returned to that court, or there has been a waiver of indictment by the defendant. See *King v. State,* 473 S.W.2d 43 (Tex.Cr.App.1973). An exception exists where the district court judge is acting as a magistrate. See *Ex parte Clear,* 573 S.W.2d 224 (Tex.Cr.App.1978). However, in this instance, the record is clear that at the time of the appointment, the district court judge was not acting in any capacity but that of district court judge. The provisions of Articles 26.01 through 26.05, V.A.C.C.P., clearly reflect that a district court judge, when acting solely in the capacity, may not legally appoint counsel until after indictment has been returned or waiver of indictment has occurred in his court.

Thus, in this instance, counsel was never *legally* appointed to represent appellant. Counsel was therefore acting only in a volunteer capacity, and was only entitled to the time provided by Art. 27.11, V.A.C.C.P., and no more, in which to prepare for trial. E.g., *Oliver v. State,* 646 S.W.2d 242 (Tex. Cr.App.1983). Because counsel was not legally appointed to represent appellant, he was not entitled to the time provided by Art. 26.04(b), supra.

Although Art. 26.04, *id.,* does provide that a district court judge may legally appoint counsel prior to arraignment, nevertheless, as an arraignment cannot take place until at least two entire days after the day on which a copy of the indictment has been served on the defendant have expired, or there is a waiver of the two days, see Art. 26.03, supra, a district court judge, who is acting solely in that capacity, is legally powerless to appoint counsel to represent a

show reversible error. *Johnson v. State,* 567       S.W.2d 214, 216 (Tex.Cr.App.1978).

defendant prior to the time an indictment is filed in his court, or prior to the time a waiver of indictment has occurred.

Had there been a legal appointment of counsel after the date the indictment was filed, then, of course, the ten day provision for preparation of trial would have been from the date of counsel's formal appointment by the trial court to the date of trial. *Lamar v. State,* 415 S.W.2d 926 (Tex.Cr. App.1967). To enact and apply any other rule of law, as the majority does, can and will lead to many questions that will not allow for simple resolution.

The majority is, in my view, being unrealistic in holding that "an attorney previously appointed to represent an indigent accused who is confined in jail in lieu of bail on a complaint is entitled to ten days to prepare for trial from the day the indictment or information is filed with the clerk of the trial court."

Under this holding, counsel who is appointed (lawfully or unlawfully) to represent an indigent defendant is left without any guidelines. What are his legal obligations and responsibilities? Art. 26.04, supra, envisions time for preparation for trial, and not time for preparation to study and prepare for hypothetical situations.

The majority does not consider that the average court appointed attorney in this State is a person who is barely eking out a living practicing law. His time and advice, as Abraham Lincoln long ago admonished, is his stock in trade. Without laying bare the statistics, most court appointed counsel are not paid reasonable attorney fees. They are usually young attorneys just getting started in the profession. Contrary to any other profession, the legal profession has too long looked upon representing indigents as some form of charitable service the profession is required to perform. Instead, the profession should look upon the representation of indigents as only providing the means or persons to perform that service. The majority opinion continues to perpetuate this idealistic but unrealistic philosophy, and I dissent to such action.

The majority literally makes a mountain out of a molehill. Its holding should be simple and not complex, as it is. If an indictment is returned against an indigent defendant, the cause should be placed on the docket of the trial court, and if it is determined that the accused person is indigent, counsel should then be appointed to represent that person. The attorney appointed should be formally notified of the appointment and advised as to when the next court date will be. By law, trial may occur after the expiration of ten days from the date of the formal appointment. Court appointed counsel should not be relegated to the position of having to traipse to the courthouse each day to check to see what, if anything, has happened to a client's cause, which client he did not choose to represent for a fee that is usually unreasonably low.

The act of the presiding judge of the 92nd judicial district court in appointing counsel at such an early time is to be highly commended. The attorney who was appointed undertook in the best tradition of the legal profession to adequately and effectively represent the appellant, albeit as the record now stands he did so as a volunteer attorney, and was then acting at the behest of the judge of the 92nd judicial district court.

Because counsel was a volunteer attorney, there is no need in this cause to delve into when the ten days provided by Art. 26.04, supra, commences to run. Because counsel was a volunteer attorney and he did not object to going to trial when the trial occurred, the result the majority reaches is correct.

I therefore concur only in the result of the majority opinion.

ONION, Presiding Justice, dissenting in part, concurring in part.

Appellant was convicted of aggravated robbery by a jury and his punishment was assessed by the court at twenty (20) years' imprisonment.

On appeal appellant, inter alia, contends his court-appointed attorney was not provided with the statutory ten day period to

prepare for trial. See Article 26.04(b), V.A. C.C.P.

Acknowledging it had found no authority directly on point, the Corpus Christi Court of Appeals reversed "only" because this court has held that on direct appeal the provisions of Article 26.04 are mandatory, that no objection needs to be made at trial, and that no showing of harm is necessary. A new rule was fashioned. "We hold that in situations where the attorney is appointed prior to indictment, and the accused is in jail at the time of indictment, counsel must be provided with at least ten days after the indictment is served on the accused in which to prepare for trial."

This court granted the State's petition for discretionary review to examine the correctness of such holding. The majority now reversing the Court of Appeals and finding no merit to appellant's contention spawns still another new rule. "We hold that an attorney previously appointed to represent an indigent accused who is confined to jail in lieu of bail on a complaint is entitled to ten days to prepare for trial from the day the indictment or information is filed with the clerk of the trial court."

Neither rule is practicable and will raise more legal questions than either will tend to solve.[1]

The record reflects the offense occurred January 20, 1981. On February 9, 1981, the appellant executed a pauper's oath and request for the appointment of counsel on a district court form. The form indicated appellant had been arrested on February 5, 1981 by the Donna Police Department, was still in jail, bail had been set at $25,000 and appellant was indigent. On February 11, 1981, the judge of the 92nd District Court appointed Edward M. Carmona as attorney for appellant "in the above entitled and numbered cause."[2] The form indicates the appointed counsel was notified "through secretary" on February 11, 1981 and notified by mail on February 18, 1981.

On April 29, 1981, the indictment was returned by the January Term, 1981 grand jury of the 206th District Court of Hidalgo County. A notation in the upper right-hand corner of the indictment reflects:

"Comp. # 15825[3]

Donna Municipal Court

Donna Police Department

Court: 139."

The docket sheet shows that the precept to serve a copy of the indictment was issued and returned executed on May 4, 1981. On the same date the docket sheet reflects "(no arraignment notice necessary now. 139th to set date later)." No transfer order from the 206th District Court is shown.[4] The docket sheet does not reflect any appointment of counsel for trial. On May 5, 1981,

---

1. Does the rule apply where the appointment is made by a justice of the peace or municipal court judge with whom felony complaint has been filed, or does it only apply to a district court judge acting prior to the filing of an indictment or felony information? Does the rule apply where after appointment of counsel the accused is released on personal bond even though indigent, or must the accused remain in jail for the rule to have continued validity? Insuring ten days for preparation for appointed counsel may be difficult since after filing of an indictment the clerk may not act "immediately" as required by Article 25.01, V.A.C.C.P., to issue precept to serve the indictment for several days, as in the instant case, or even for longer than ten days without any notification to appointed counsel that his preparation time is running." The majority recognizes the difficulty but feels that the accused still has ten days to file written pleadings after service of a copy of the indictment to compensate. Any con-

fined accused, of course, may not realize the importance or need to notify appointed counsel of service of a copy of the indictment or may have limited means of communication.

2. The appointment of counsel form, including the pauper's oath, bears the cause number given the case later after the return of the indictment into the 206th District. The appointment form indicates: "In the *139* District Court of Hidalgo County, Texas."

3. The notation "Comp. 15825" is the only indication in the record that a complaint was actually filed. Yet the new rule is tied to the filing of a complaint somewhere.

4. With regard to the transfer of cases in the district courts of Hidalgo County, and the authority of the judges to exchange benches, see Article 199a, § 2.002(a), § 3.034, V.A.C.S.; Article 199, § 139, § 3, V.A.C.S.

the cause was set for trial on May 11, 1981. On the latter date several pre-trial motions were filed by attorney Carmona. A jury was selected and sworn and the trial recessed until May 15, 1981, when the actual trial commenced. Both sides announced "ready." No issue of the ten day preparation period was raised at trial or by the motion for new trial. On July 28, 1981, after sentencing, notice of appeal was given and attorney Carmona was appointed for the purpose of the appeal.

Article 26.04, V.A.C.C.P., 1965, reads:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

The purpose of the statute requiring the court-appointed counsel be given ten days from the time of appointment to the date of trial is to protect an accused's right to have adequate time to prepare for trial. *Moore v. State,* 493 S.W.2d 844 (Tex.Cr.App.1973); *Hamel v. State,* 582 S.W.2d 424 (Tex.Cr.App.1979).

The statute and most of its forerunners have been held mandatory in absence of the required waiver. *Bennett v. State,* 382 S.W.2d 930 (Tex.Cr.App.1964); *Crothers v. State,* 480 S.W.2d 642 (Tex.Cr.App.1972), and cases there cited; *Hayles v. State,* 507 S.W.2d 213 (Tex.Cr.App.1974); *Pollinzi v. State,* 541 S.W.2d 445 (Tex.Cr.App.1976); *Peters v. State,* 575 S.W.2d 560 (Tex.Cr.App.1979).

---

**5.** A defendant may not, however, attack a conviction for failure to grant the ten day preparation period in absence of a showing of harm. *Ex parte Meadows,* 418 S.W.2d 666 (Tex.Cr. App.1967); *Ex parte Shields,* 550 S.W.2d 670

Where there is a showing that there has been a failure to comply with the mandatory provisions of the statute granting ten days for appointed counsel to prepare for trial, reversal is ordinarily called for without any question of harm or prejudice. *Griffin v. State,* 489 S.W.2d 290 (Tex.Cr. App.1973); *Houston v. State,* 490 S.W.2d 851 (Tex.Cr.App.1973).[5]

In absence of a showing, however, that an accused was indigent, the court is under no duty to appoint counsel for him. *Clark v. State,* 417 S.W.2d 402 (Tex.Cr.App.1967); *Young v. State,* 448 S.W.2d 484 (Tex.Cr. App.1970).

Article 26.04, supra, is, of course, inapplicable where the defendant was represented by retained counsel. *Harville v. State,* 591 S.W.2d 864 (Tex.Cr.App.1979).

If appointed counsel and the accused have executed a waiver of the preparation period, complaint cannot be made on appeal. *Hicks v. State,* 487 S.W.2d 137 (Tex. Cr.App.1972); *Wright v. State,* 388 S.W.2d 194 (Tex.Cr.App.1965).

Article 26.04, supra, is not applicable if the record shows counsel was appointed more than ten days prior to trial. *Moats v. State,* 402 S.W.2d 921 (Tex.Cr.App.1966); *Steward v. State,* 422 S.W.2d 733 (Tex.Cr. App.1968); *Henry v. State,* 433 S.W.2d 430 (Tex.Cr.App.1968); *Young v. State,* supra; *Beasley v. State,* 470 S.W.2d 192 (Tex.Cr. App.1971); *DeLao v. State,* 489 S.W.2d 613 (Tex.Cr.App.1973).

In *Lamar v. State,* 415 S.W.2d 926 (Tex. Cr.App.1967), this court wrote:

"The ten day provision for preparation is from the date of counsel's appointment to the date of trial, not from the date of arraignment."

The court rejected Lamar's claim the time should run from the arraignment rather than the appointment.

---

(Tex.Cr.App.1976); *Thomas v. State,* 571 S.W.2d 17 (Tex.Cr.App.1978); *Rabb v. State,* 572 S.W.2d 718 (Tex.Cr.App.1978); *Ex parte Reed,* 610 S.W.2d 495 (Tex.Cr.App.1981).

*Moore v. State,* supra, made clear the formal appointment should be entered the date the appointment is made.

It is the actual preparation time, however, not the time of the formal appointment, that determines whether a defendant has been given the mandatory preparation time for trial provided by the statute. *Moore v. State,* supra; *Henson v. State,* 530 S.W.2d 584 (Tex.Cr.App.1975). See also *Davis v. State,* 513 S.W.2d 928 (Tex.Cr.App. 1974).

In *McBride v. State,* 519 S.W.2d 433 (Tex. Cr.App.1974), the record did not reflect when the appointment of counsel was made. There was no formal order or docket notation counsel had filed a pre-trial motion for discovery more than ten days before the trial. It was held that appointed counsel had more than ten days to prepare.

In *Meeks v. State,* 456 S.W.2d 938 (Tex. Cr.App.1970); *Gray v. State,* 475 S.W.2d 246 (Tex.Cr.App.1971); and *Lee v. State,* 478 S.W.2d 469 (Tex.Cr.App.1972), the records showed court-appointed counsel had had sufficient time to prepare for trial and the appointment, within ten days of trial, was made merely to allow payment for services. See also *Crothers v. State,* supra.

In the instant case counsel was appointed for the appellant by the district court on February 11, 1981. The aggravated robbery indictment was returned on April 29, 1981. The jury was selected on May 11, 1981. Trial commenced May 15, 1981.

In *Moore v. State,* supra, Tex.Cr.App., 493 S.W.2d 844, trial commenced on September 7, 1971. Counsel claimed he was not legally appointed until September 2, 1971. The court found that counsel had actually been appointed in advance of the required ten days. The court wrote:

> "Judge Scofield testified at the hearing on the motion for continuance that he had appointed counsel in the case *prior to the date of the indictment,* July 15, 1971." (Emphasis supplied.)

As has been seen, Article 26.04, supra, is not applicable where counsel has been appointed for more than ten days prior to trial. *Moore* represents a case where the appointment was made by the district court prior to indictment. It is authority to overrule appellant's contention without establishing unnecessarily a new rule for a particular fact situation with a new starting point for the ten day preparation period to begin to run.[6]

While I concur in the result reached, I vigorously dissent to the creation of a new rule to reach that result.

While the appellant does not contend and the Court of Appeals and today's majority do not mention it, it may be argued, as

---

6. The majority says:

> "We find it utterly incongruous that ten days afforded counsel to prepare for trial be linked to the date of appointment while ten days granted an accused to prepare and file written pleadings is tied to the date of the charging instrument if he is enlarged on bail, or to the date of the service if confined in lieu of bail on a felony offense."

What is really incongruous is for this court to have two rules for the ten day preparation period of appointed counsel to commence—one for the fact situation here involved and one for all other court appointments. While uniformity might be desireable, what the majority overlooks is that statutes such as Article 27.12, V.A.C.C.P., allowing ten days to file written pleadings after service of indictment, have a different history and not altogether the same purpose as Article 26.04, supra, and apply whether counsel is appointed or retained or whether appellant represents himself, etc. Article 26.04, supra, is strictly limited to appointed counsel. As most members of the bench and bar are aware, the appointment of counsel in many criminal cases comes after the expiration of the time allowed by Article 27.12, supra, to file written pleadings, when it is discovered the accused is indigent and in need of counsel. Frequently counsel is appointed to replace earlier appointed counsel or retained counsel who has not been paid or for a variety of other reasons. In these cases the preparation time for appointed counsel commences with the date of appointment. This logically follows from a reading of Article 26.04, supra, itself, and certainly from the cases interpreting the statute. Today's majority would create another rule for a particular fact situation giving us two rules. Such holding does not promote the proper administration of justice.

The majority recognizes in its footnote # 6 the difficulty inherent in its new rule of insuring ten days of preparation for appointed counsel. And well it might see footnote # 1 of this opinion.

Judge Teague does in his concurring opinion, that at the time of appointment (February 11, 1981), the district judge was without authority to make the appointment of counsel for the appellant. The district court would not have had jurisdiction over the offense until the return of the indictment, or unless there was a waiver of indictment and the filing of a felony information. Article 1.141, V.A.C.C.P.; *King v. State,* 473 S.W.2d 43 (Tex.Cr.App.1971). In the instant case there was no waiver of indictment and an indictment was not returned until April 29, 1981. A district judge is also a magistrate under Article 2.09, V.A.C.C.P. There is no showing that a felony complaint was filed with the district judge invoking his jurisdiction as a magistrate. In fact, it appears a complaint had been filed in the Donna Municipal Court invoking the duties of that judge as a magistrate. See Article 2.09, supra. That judge appears to have acquired jurisdiction first as a magistrate. See Article 4.16, V.A.C.C.P. See and cf. *Ex parte Clear,* 573 S.W.2d 224 (Tex.Cr.App.1978). The district judge could not have supplanted the municipal judge as the magistrate. Ex parte Clear, supra. The municipal judge, of course, did not have authority to appoint counsel for the subsequent trial of a felony in the district court.

The local practice in Hidalgo County in situations as here presented was not developed for the purpose of this record. It may well be that "early" appointments by the district court are to protect an indigent accused's rights in all proceedings in a felony case, or to insure appointed counsel's compensation from the county for representation prior to indictment. See and cf. Article 26.05, V.A.C.C.P.

Article 26.04, supra, does provide for the appointment of counsel "at an arraignment or at any time prior to arraignment." Arraignment is required in all felony cases *after* indictment. Article 26.01, V.A.C.C.P.[7] No arraignment shall take place until the

expiration of at least two days after the day on which a copy of the indictment is served on the defendant, unless the right to such copy or such is waived, or unless the defendant is on bail. See Article 26.03, V.A.C.C.P.

It might be argued that the authority to appoint "at any time prior to arraignment" under Article 26.04, supra, gave the district court the authority to make the appointment of counsel on February 11, 1981, before indictment. This argument, however, may be of doubtful validity. It is true that district courts have some inherent powers as they are given general original jurisdiction over all causes of action for which a remedy or jurisdiction is not provided by the law or Constitution. Article V, § 8, Tex. Const.; 16 Tex.Jur.3d, Courts, § 94. The Interpretative Commentary to said Article V, § 8, provides in part:

"This latter broad constitutional grant demonstrates the fact that the district court occupies the most prominent place in the trial court system, for it is the district court that is empowered to determine a particular controversy when no other tribunal has been granted authority to do so."

A party cannot confer jurisdiction by consent, yet it is observed that it was the appellant who requested the appointment of counsel on February 9, 1981 and obtained one from the district court on February 11, 1981, three months prior to trial. Surely the very purpose of Article 26.04, supra, was served. It would be absurd to reverse this case under the circumstances presented.

ODOM, TOM G. DAVIS and CAMPBELL, JJ., join this opinion.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

CLINTON, Judge.

■ On original submission this Court reversed the judgment of the Corpus Christi

---

7. Article 26.02, V.A.C.C.P., provides:

"An arraignment takes place for the purpose of fixing his identity and hearing his plea."

Court of Appeals, which had sustained one ground of error and reversed the judgment of conviction; we remanded the cause to the court of appeals to dispose of two remaining grounds of error presented by appellant to that court. In his motion for rehearing appellant criticizes a portion of the plurality opinion of this Court,[1] but his principal charge is that it created "a double standard in the administration of justice involving incarcerated and unincarcerated defendants." His remedy: "make it mandatory that the 10 days to prepare for trial should start from the date the indictment is served."

The premise underlying appellant's charge is that an accused who remains in custody is not afforded the same opportunity as the one enlarged on bail "to consult with his counsel as soon as he is indicted and served with a copy of such." The problem with that premise is that if an accused is on bail at the time the indictment is presented "it is not necessary to serve him with a copy, but the clerk shall on request deliver a copy of the same to the accused or his counsel, at the earliest possible time," Article 25.03, V.A.C.C.P.

Appellant's motion for rehearing is without merit and is overruled.

---

1. Pointing to that part of the opinion noting that counsel "never claimed an entitlement to ten days to prepare for trial nor, on the other hand, did he and appellant waive that period of time by written notice" and finding that "both appellant and he received all preparation time to which entitled," appellant now faults us for overlooking a portion of the record "which clearly shows that appellant ... filed an objection to the appellate record in that the proceedings of May 11, 1981 were not recorded," and further informs us that his counsel requested the proceedings of May 5, 1981, also to be included.

The written objection to the record complained that "the voir dire proceedings held in open court May 11, 1981" were not included, but the trial court denied that objection with the notation that appellant "failed to request that voir dire of jury be recorded." We are left to wonder just how the matter of voir dire is related to a claim of entitlement to ten days to prepare for trial, or a waiver of it.

With respect to a May 5 proceeding, the above objection does not allude to that, and all we find in the record about it is a docket entry of that date to the effect that the case was set for trial on merits May 11.