Walker v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-233-CR

CLIFTON ERIK WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271
ST
 DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Clifton Erik Walker appeals his conviction for aggravated sexual assault of a thirteen-year-old girl.  A jury found appellant guilty and sentenced him to thirty years’ confinement.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his first point, appellant contends that his trial counsel rendered ineffective assistance because he (1) did not immediately determine the trial date; (2) did not adequately prepare for trial; (3) did not adequately prepare or present a motion for continuance; (4) did not seek timely notice from the State of its intent to introduce extraneous offenses; (5) opened the door to extraneous offense evidence; (6) did not object to medical evidence regarding the extraneous offenses; (7) did not object to evidence at the punishment phase that appellant had deserted from the United States Marine Corps; and (8) did not file an application for or prove appellant’s eligibility for probation.  

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that counsel’s performance was deficient, which requires showing that counsel made such serious errors that he or she was not functioning as the “counsel” guaranteed by the Sixth Amendment.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  Counsel’s performance is only deficient if it fell below an objective standard of reasonableness measured by prevailing professional norms.  
Id
. at 688-89, 104 S. Ct. at 2065.  The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance.  
Bone v. State
, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002); 
Thompson
, 9 S.W.3d at 813-14.  Our scrutiny of counsel’s performance must be highly deferential, making every effort to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Second, appellant must show that counsel’s deficient performance prejudiced the defense; this requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial.  
Id. 
at 687, 104 S. Ct. at 2064.  Appellant must show that there is a reasonable probability that, if not for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id
. at 694, 104 S. Ct. at 2068.

A claim for ineffective assistance of counsel must be firmly grounded in, and affirmatively supported by, the record.  
Thompson
, 9 S.W.3d at 814; 
Jackson v. State
, 973 S.W.2d 954, 955 (Tex. Crim. App. 1988).  When the record is silent as to possible trial strategies employed by defense counsel, we will not speculate on the reasons for those strategies.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

There is a substantial risk of failure when a claim of ineffective assistance of counsel is brought on direct appeal.  
Thompson
, 9 S.W.3d at 813.  “Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel’s representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel’s conduct was reasonable and professional.”  
Bone
, 77 S.W.3d at 833. 

This case demonstrates the “inadequacies inherent in evaluating ineffective assistance claims on direct appeal.”  
Patterson v. State
, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  Appellant did not file a motion for new trial to afford the trial court the opportunity to hold a hearing and inquire into the reasons for trial counsel’s acts or omissions.  Consequently, we cannot determine whether counsel’s actions were grounded in sound trial strategy because the record is silent as to possible trial strategies, and we will not speculate on the reasons for those strategies.  
See id.;
 
Jackson,
 877 S.W.2d at 771.  The record is also silent as to what communications occurred between trial counsel and his client.  
See Strickland
, 466 U.S. at 691, 104 S. Ct. at 2066 (noting that inquiry into counsel’s conversations with defendant may be critical to proper assessment of counsel’s litigation decisions because counsel’s actions are usually based on informed strategic choices made by defendant and on information supplied by defendant).  Therefore, appellant’s ineffective assistance claims are better raised through an application for a writ of habeas corpus.  
Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon Supp. 2004); 
see Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (“[T]he record on direct appeal will generally ‘not be sufficient to show that counsel’s representation was so deficient as to meet the first part of the 
Strickland
 standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.’”).  We overrule appellant’s first point.

In his second point, appellant contends that the trial court erred in denying his motion for continuance because his trial counsel had inadequate time to prepare for trial.  The trial court’s ruling on a motion for continuance is reviewed for abuse of discretion.  
Vasquez v. State
, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002); 
Janecka v. State
, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 825 (1997).  To show an abuse of discretion, appellant must show that he was actually prejudiced by the denial of his motion.  
Vasquez
, 67 S.W.3d at 240.  The fact that trial counsel desired more time to prepare does not alone establish an abuse of discretion.  
Janecka
, 937 S.W.2d at 468.  

Appellant’s trial counsel had fifteen days to prepare after appellant hired him.  Court-appointed attorneys are generally entitled to ten days to prepare for a trial.  
Moreno v. State
, 659 S.W.2d 395, 398 (Tex. Crim. App. 1983).  In addition, appellant had roughly six months from indictment until the date of trial and was advised of his right to counsel over five months before the trial.  Appellant retained trial counsel, but he chose to fire his attorney and hire another fifteen days before trial.  A defendant’s right to select his own counsel must not be manipulated to obstruct orderly procedure in the courts and interfere with the administration of justice.  
Brown v. State
, 630 S.W.2d 876, 879 (Tex. App.—Fort Worth 1982, no pet.).  Because the record does not support appellant’s contention that his trial counsel had inadequate time to prepare for trial or that appellant was prejudiced by the trial court’s refusal to grant a continuance, we overrule appellant’s second point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 6, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.