COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-233-CR
  
  
CLIFTON 
ERIK WALKER                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
THE 271ST DISTRICT COURT OF WISE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Clifton 
Erik Walker appeals his conviction for aggravated sexual assault of a 
thirteen-year-old girl. A jury found appellant guilty and sentenced him to 
thirty years’ confinement.  We will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his first point, appellant contends that his trial counsel rendered ineffective 
assistance because he (1) did not immediately determine the trial date; (2) did 
not adequately prepare for trial; (3) did not adequately prepare or present a 
motion for continuance; (4) did not seek timely notice from the State of its 
intent to introduce extraneous offenses; (5) opened the door to extraneous 
offense evidence; (6) did not object to medical evidence regarding the 
extraneous offenses; (7) did not object to evidence at the punishment phase that 
appellant had deserted from the United States Marine Corps; and (8) did not file 
an application for or prove appellant’s eligibility for probation.
        We 
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant 
must show that counsel’s performance was deficient, which requires showing 
that counsel made such serious errors that he or she was not functioning as the 
“counsel” guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064. Counsel’s performance is only deficient if it fell 
below an objective standard of reasonableness measured by prevailing 
professional norms. Id. at 688-89, 104 S. Ct. at 2065.  The record 
must be sufficiently developed to overcome a strong presumption that counsel 
provided reasonable assistance. Bone v. State, 77 S.W.3d 828, 833 & 
n.13 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 813-14.  Our 
scrutiny of counsel’s performance must be highly deferential, making every 
effort to eliminate the distorting effects of hindsight. Strickland, 466 
U.S. at 689, 104 S. Ct. at 2065.
        Second, 
appellant must show that counsel’s deficient performance prejudiced the 
defense; this requires showing that counsel’s errors were so serious as to 
deprive the defendant of a fair trial.  Id. at 687, 104 S. Ct. at 
2064.  Appellant must show that there is a reasonable probability that, if 
not for counsel’s unprofessional errors, the result of the proceeding would 
have been different.  Id. at 694, 104 S. Ct. at 2068.
        A 
claim for ineffective assistance of counsel must be firmly grounded in, and 
affirmatively supported by, the record.  Thompson, 9 S.W.3d at 814; Jackson  
v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1988).  When the record 
is silent as to possible trial strategies employed by defense counsel, we will 
not speculate on the reasons for those strategies.  See Jackson v. State, 
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
        There 
is a substantial risk of failure when a claim of ineffective assistance of 
counsel is brought on direct appeal.  Thompson, 9 S.W.3d at 
813.  “Under normal circumstances, the record on direct appeal will not 
be sufficient to show that counsel’s representation was so deficient and so 
lacking in tactical or strategic decisionmaking as to overcome the presumption 
that counsel’s conduct was reasonable and professional.”  Bone, 
77 S.W.3d at 833.
        This 
case demonstrates the “inadequacies inherent in evaluating ineffective 
assistance claims on direct appeal.”  Patterson v. State, 46 
S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.). Appellant did not file a 
motion for new trial to afford the trial court the opportunity to hold a hearing 
and inquire into the reasons for trial counsel’s acts or omissions.  
Consequently, we cannot determine whether counsel’s actions were grounded in 
sound trial strategy because the record is silent as to possible trial 
strategies, and we will not speculate on the reasons for those strategies.  
See id.; Jackson, 877 S.W.2d at 771.  The record is also 
silent as to what communications occurred between trial counsel and his 
client.  See Strickland, 466 U.S. at 691, 104 S. Ct. at 2066 (noting 
that inquiry into counsel’s conversations with defendant may be critical to 
proper assessment of counsel’s litigation decisions because counsel’s 
actions are usually based on informed strategic choices made by defendant and on 
information supplied by defendant). Therefore, appellant’s ineffective 
assistance claims are better raised through an application for a writ of habeas 
corpus. Tex. Code Crim. Proc. Ann. 
art. 11.07 (Vernon Supp. 2004); see Rylander v. State, 101 S.W.3d 107, 
110 (Tex. Crim. App. 2003) (“[T]he record on direct appeal will generally 
‘not be sufficient to show that counsel’s representation was so deficient as 
to meet the first part of the Strickland standard’ as ‘[t]he 
reasonableness of counsel’s choices often involves facts that do not appear in 
the appellate record.’”). We overrule appellant’s first point.
        In 
his second point, appellant contends that the trial court erred in denying his 
motion for continuance because his trial counsel had inadequate time to prepare 
for trial. The trial court’s ruling on a motion for continuance is reviewed 
for abuse of discretion. Vasquez v. State, 67 S.W.3d 229, 240 (Tex. Crim. 
App. 2002); Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), 
cert. denied, 522 U.S. 825 (1997). To show an abuse of discretion, 
appellant must show that he was actually prejudiced by the denial of his motion. 
Vasquez, 67 S.W.3d at 240. The fact that trial counsel desired more time 
to prepare does not alone establish an abuse of discretion. Janecka, 937 
S.W.2d at 468.
        Appellant’s 
trial counsel had fifteen days to prepare after appellant hired him. 
Court-appointed attorneys are generally entitled to ten days to prepare for a 
trial. Moreno v. State, 659 S.W.2d 395, 398 (Tex. Crim. App. 1983).  
In addition, appellant had roughly six months from indictment until the date of 
trial and was advised of his right to counsel over five months before the trial. 
Appellant retained trial counsel, but he chose to fire his attorney and hire 
another fifteen days before trial. A defendant’s right to select his own 
counsel must not be manipulated to obstruct orderly procedure in the courts and 
interfere with the administration of justice. Brown v. State, 630 S.W.2d 
876, 879 (Tex. App.—Fort Worth 1982, no pet.).  Because the record does 
not support appellant’s contention that his trial counsel had inadequate time 
to prepare for trial or that appellant was prejudiced by the trial court’s 
refusal to grant a continuance, we overrule appellant’s second point.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.

  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. 
R. App. P. 47.2(b)
 
DELIVERED: 
May 6, 2004

 
NOTES
1. 
See Tex. R. App. P. 47.4.